UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

JESUS GONZALEZ

    Plaintiff,
vs.

STARBUCKS CORPORATION
d/b/a Starbucks Coffee #8256,
GEM PYRAMID LLC

    Defendants.
_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Jesus Gonzalez ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant Starbucks Corporation a/k/a Starbucks Coffee Company doing business as Starbucks Coffee #8256 and Defendant Gem Pyramid LLC for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

### JURISDICTION

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

3. Defendants are authorized to conduct, and is conducting, business within the State of Florida and within the jurisdiction of this court.

## PARTIES

4. Plaintiff Jesus Gonzalez is a resident of the state of Florida. Plaintiff suffers from what constitutes a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D).

5. Defendant Starbucks Corporation (also referenced as "Defendant Starbucks," "tenant," "operator," lessee" or "co-Defendant") is a is a foreign corporation authorized to transact business in Florida

6. Defendant Gem Pyramid LLC (also referenced as "Defendant Gem Pyramid," "Lessor," "Owner," or "co-Defendant") is the owner of Folio 03-4130-003-0270, real property located at 1114 S Dixie Highway, Miami Florida 33146 (referenced throughout as "1114 S Dixie Highway"). Defendant Gem Pyramid's real property is commercial property in the configuration of a strip mall. All of the strip mall businesses are open to the general public, therefore the strip mall is a Public Accommodations pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104.

## FACTS

7. Defendant Gem Pyramid leases the 1114 S Dixie Highway space within its strip mall to co-Defendant Starbucks (the lessee). The lessee in turn operates its Starbucks Coffee #8256 restaurant within that leased space.

8. At all times material hereto, Defendant Starbucks has been leasing commercial space within Defendant Gem Pyramid's strip mall and has been utilizing that commercial space for the operation of its Starbucks Coffee #8256 restaurant.

9. Starbucks Coffee #8256 restaurant serves food and drinks and is open to the general public and therefore is a place of public accommodation pursuant to 42 U.S.C. §12181(7)(B) as "[A] restaurant, bar, or other establishment serving food or drink." Starbucks Coffee #8256 restaurant which is the subject to this action is also referred to as "Starbucks #8256," "coffeehouse," "restaurant" or "place of public accommodation."

10. Defendant Starbucks is the owner of multinational chain of coffeehouses (including Starbucks #8256) and roasteries which are open to the general public under the brand name "Starbucks."

11. As the operator of a chain of coffeehouses open to the public, Defendant is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns and operates establishments serving food and drinks; 42 U.S.C. §12182, §12181(7)(B); 28 C.F.R. §36.104(2).

12. As the owner of a strip mall which contains as a restaurant open to the general public, Defendant Gem Pyramid is also defined as a "Public Accommodation" within meaning of Title III; 42 U.S.C. §12182, §12181(7)(B).

13. Due to the close proximity of the Starbucks #8256 restaurant to Plaintiff's home, on February 5, 2021 Plaintiff went to the restaurant with the intent of purchasing a coffee and enjoying his coffee in the patio area located therein.

14. Plaintiff had difficulty exiting his car and entering the restaurant because the parking lot handicapped parking area had a large pothole and was not navigable, the asphalt

had an uneven surface which was difficult to traverse as he made his way to the restaurant entrance.

15. When Plaintiff purchased his coffee drink, he unhappily noted that the restaurant did not have a specified area reserved for wheelchair bound patrons within the available dining facilities. Further, when Plaintiff went to the restroom, he encountered barriers to access.

16. Plaintiff left the Starbucks #8256 restaurant feeling excluded, humiliated and dejected.

17. Plaintiff has been denied full and equal access to, and full and equal enjoyment of the Starbucks #8256 restaurant.

18. On information and belief, Defendant Starbucks is well aware of the need to provide equal access to individuals with disabilities as it is a multinational corporation which operates over 30,000 Starbucks coffeehouse/restaurant locations worldwide in over 70 countries. Defendant Starbucks' failure to reasonably accommodate individuals with disabilities at its Starbucks #8256 restaurant is/was willful, malicious, and oppressive and in compete disregard for the civil rights of Plaintiff and in violation of 28 C.F.R. §36.302(c).

19. On information and belief, as an investor in commercial property, Defendant Gem Pyramid is aware of the ADA and the need to provide for equal access within its 1114 S Dixie Highway strip mall commercial property (which includes the parking lot). Therefore, Defendant Gem Pyramid's failure to reasonably accommodate individuals with disabilities is/was willful, malicious, and oppressive and in compete disregard for the civil rights of Plaintiff and in violation of 28 C.F.R. §36.302(c).

20. Based on the above delineated access impediments, Plaintiff has been denied full and equal access by the operator/lessee of that restaurant (Defendant Starbucks) and by the owner/lessor of the commercial property which houses the restaurant (Defendant Gem Pyramid).

21. As a result of the joint and several discrimination by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

22. Plaintiff is and has been a customer of Starbucks coffeehouse restaurants. Plaintiff often dines at Starbucks coffeehouse restaurants and continues to desire to return to Defendant Starbucks #8256 restaurant to purchase coffee and food and drink/eat in the dining area provided, but Plaintiff continues to be injured in that he is concerned that he will again be humiliated, segregated, and discriminated against due to the architectural barriers and other barriers to access, all which are in violation of the ADA.

23. Any and all requisite notice has been provided.

24. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from the Defendant pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

25. The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Thirty years have passed since enactment of the ADA and there is no excuse for public

accommodations and places of public accommodation to have failed to comply with the legislation.

26.    Congress explicitly stated that the purpose of the ADA was to:

(i)    provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)   provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

(iii)  invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

27.    Prior to the filing of this lawsuit, Plaintiff personally visited the Starbucks Coffee #8256 restaurant in order to purchase a coffee and respite while enjoying his coffee in the patio provided therein, however Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, he met architectural barriers when entering the restaurant, when utilizing the restroom, and when attempting to sit at the patio dining area to imbibe his coffee. Therefore, Plaintiff has suffered an injury in fact.

28.    Defendant Starbucks (lessee/operator of the Starbucks) and Defendant Gem Pyramid (owner/lessor of the strip mall) have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at the Starbucks Coffee #8256 restaurant, in derogation of 42 U.S.C. §12101 *et. seq.*, and as prohibited by 42 U.S.C. §12182 *et. seq.* by failing to barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

29. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, the accommodations and services offered at the Starbucks Coffee #8256 restaurant.

30. Defendants are jointly and singularly governed by the ADA and must be in compliance therewith. Defendants have jointly and severally discriminated against disabled patrons in derogation of 28 C.F.R. Part 36.

31. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

32. The commercial space which is owned by Defendant Gem Pyramid (owner/lessor) houses the Starbucks Coffee #8256 restaurant which is operated by Defendant Starbucks (tenant/lessee). This commercial space is in violation of 42 U.S.C. §12181 *et. seq.,* the ADA and 28 C.F.R. §36.302 *et. seq.,* and both the owner/lessor and the tenant/lessee are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

   i. As to Defendant Starbucks (lessee/operator) and Defendant Gem Pyramid (owner/lessor of the property) (jointly and severally), failure to have signage posted indicating the location of accessible entrance, in violation of 28 C.F.R. Part 36, Section 4.1.2(7)(c).

ii.     As to Defendant Starbucks (lessee/operator) and Defendant Gem Pyramid (owner/lessor of the property) (jointly and severally), the fact that the asphalt in the parking lot is pot holed has created an uneven ground surface, which is in violation of 28 C.F.R. Part 36, Section 4.5.1 and 2010 ADA Standards for Accessible Design.

iii.    As to Defendant Starbucks (lessee/operator) and Defendant Gem Pyramid (owner/lessor of the property) (jointly and severally), due to the fact that the handicapped designated parking space was compromised due to pot holes, failure to provide **useable** accessible parking in the strip mall parking lot which provides the closest path of travel to the entrance of the restaurant. 28 C.F.R. Part 36, Section 4.24.

iv.    As to Defendant Starbucks (lessee/operator) and Defendant Gem Pyramid (owner/lessor of the property) (jointly and severally): the bathroom toilet compartment stall door does not have the ability to lock the door with a closed fist, which is in violation of 28 C.F.R. Part 36, and ADA/ABA Design Compliance Code §309.4 (operable parts are to be operable with one hand and shall not require tight grasping, pinching, or twisting of the wrist and have a force required to activate no more than 5 pounds) and §404.2.7 door hardware must be operable with a closed fist or a loose grip). The bathroom is in violation of 604.8.1.2 overall.

v.    As to Defendant Starbucks (lessee/operator) and Defendant Gem Pyramid (owner/lessor of the property) (jointly and severally): failure to provide a hand towel dispenser located within reach of a disabled individual in wheelchair. 2010 ADA Standards for Accessible Design Section 308.2.1 states that the accessible height for a forward reach dispenser the high forward reach shall be 48 inches maximum and the low forward reach shall be 15 inches minimum above the finish floor or ground and 308.2.2

states that where there is obstructed forward reach (when reach depth exceeds 20 inches), the high forward reach shall be 44 inches maximum and the reach depth shall be 25 inches maximum. In this instant case, the towel dispenser is higher than the high forward reach which is a violation of 28 C.F.R. Part 36; 2010 ADA Standards for Accessible Design Section 606.1 and Section 308.

      vi.      As to Defendant Starbucks (lessee/operator) and Defendant Gem Pyramid (owner/lessor of the property) (jointly and severally): failure to provide an accessible bathroom due to the excessive weight of the bathroom door. The door opening force shall not be greater than that delineated at 28 C.F.R. Part 36, Section 4.13.11; 2010 ADA Standards for Accessible Design. The door represents an insurmountable barrier to independent entry to the restaurant by the Plaintiff and other individuals who use wheelchairs.

      vii.      As to Defendant Starbucks (lessee/operator), failure to provide for designated handicapped seating accessible by wheelchair, in violation of 28 C.F.R. Part 36, Section 4.32.4, Section 5.4 and 2020 ADA Standards for Accessible Design Sections 902 and 903, which require that all dining areas be accessible in clear floor/ground space, size and height.

33.    More access barrier violations may be present, which will be determined and proven through the discovery process.

34.    Pursuant to 42 U.S.C. §12101et seq., and 28 C.F.R. §36.304, the Defendants are required to make the Starbucks Coffee #8256 restaurant commercial space accessible to persons with disabilities since January 28, 1992. Defendants have jointly and severally failed to comply with this mandate.

35. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order to alter the commercial property and the restaurant therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff Jesus Gonzalez hereby demands judgment against the property lessor Defendant Gem Pyramid LLC (owner of the commercial property housing the Starbucks Coffee #8256 restaurant) and Defendant Starbucks Corporation (the lessee and operator of Starbucks Coffee #8256) and requests the following relief:

a) The Court declare that Defendants have violated the ADA;

b) The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

c) The Court enter an Order requiring Defendants to alter the commercial property and the Starbucks Coffee #8256 restaurant such that all areas are accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d) The Court award reasonable costs and attorneys' fees; and

e) The Court award any and all other relief that may be necessary and appropriate.

Dated this 16th day of February 2021.       Respectfully submitted,

*/s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone:  305-351-2014
Email: cc@cunninghampllc.com
*Counsel for Plaintiff*